By the Court, Nelson, Ch. J.
The first section of the plaintiffs’ charter is' as follows; “ There shall be established in the village of Ithaca, in the county of Tompkins, a bank &c., whose operations of discount and deposit shall he carried on in the village of Ithaca, and not elsewhere.” (Sess. Laws of 1829, p. 320.) The provision obviously relates to the regular and customary business operations of the bank, and does not apply to a single transaction like the one in question.(a) This is a sufficient answer to the objection taken in the court below; but it may be added; that the cashier was seeking to secure a demand due to the plaintiffs, and that the discount was made in the course of transacting that business. In this view, the act was clearly legal; for such transactions must of necessity often take place where the debtor may happen to be found.
Judgment affirmed.

 The same doctrine was held in Suydam and others v. The Morris Canal and Banking Company, on error from the superior court of the city of New-York. (Sup. Court, July T., 1843, M. S.) The defendants in error, a corporation created by the laws of New-Jersey, sued the plaintiffs in error for money lent on a memorandum check. The loan was made by the cashier of the defendants in error at the city of New-York. By the 18th section of the charter of the defendants in error, it was provided that their banking operations should be carried on in the city of Jersey; and it was proved at the trial that they carried on banking business *492 there, but kept an exchange office in the city of New-York. The plaintifls in error objected, inter alia, that the loan was made in violation of the 18th section of the charter, and in contravention of the statute of this state to prevent unauthorized banking. (1 R. S. 712, § 6.) The court below overruled the objection, and the cause was submitted to the jury, who found a verdict for the amount claimed, on which judgment was afterwards rendered. The objections taken at the trial were re-argued before this court, and the judgment of the court below affirmed, Nelson, Ch, J., who delivered the opinion, observing: “ The sixth section of the statute relating to unauthorized banking has no application to the case. The pro, hibition contained in that section relates merely to the keeping of an office ‘ for the purpose of receiving deposites or discounting notes or bills,’ &c.; not to a single, isolated act of loaning money. (Pennington v. Townsend, 7 Wend. 276, 279; New-Hope Delaware Bridge Company v. The Poughkeepsie Silk Company, 25 id. 648.) The same answer may be given to the objection that the eighteenth section of the charter of the company fixes the place of conducting their banking operations at the city of Jersey. The provision has reference to the customary and permanent business of the institution; and was surely not intended to prohibit a single act of loaning at a different place, where an officer of the bank might happen to be at the time.”